[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10776
Non-Argument Calendar
_____

D.C. Docket No. 1:10-mc-24102-WMH

TRIANGULO PISOS E PAINEIS, LTDA,

Petitioner - Appellee,

versus

BR-111 IMPORTS & EXPORTS, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 24, 2012)

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant BR-111 Imports & Exports, Inc. (BR-111) and Appellee Triângulo Pisos E Paineis, LTDA (Triângulo) agreed to have all disputes finally settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce.  At the conclusion of a hearing held before the International Court of Arbitration, the arbitration tribunal requested post-hearing submissions from both parties.  BR-111 contended that Triângulo's submission included new evidence and arguments and requested an opportunity to respond. The arbitration tribunal denied this request because it found that the submission did not include new evidence or arguments.  The arbitration tribunal concluded that BR-111 owed Triângulo for unpaid invoices with interest and attorneys fees. The tribunal also determined that Triângulo owed BR-111 for outstanding warranty claims with interest.  Triângulo field a Motion to Confirm Final Arbitral Award in the district court and BR-111 filed a Motion to Vacate Final Award. The district court denied BR-111's motion and granted Triângulo's motion.  After reviewing the parties' briefs, we affirm the district court.

We review a district court's order confirming or vacating an arbitration award *de novo* and its factual findings for clear error.  *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1311 (11th Cir. 1998). Both parties accept that there is a strong presumption in favor of confirming the

2

arbitration award.  However, the parties disagree on which principles govern challenges to the arbitration award.  BR-111 contends that the Federal Arbitration Act (FAA) governs; whereas, Triângulo contends that the Inter-American Convention (Panama Convention) governs.

Even assuming we apply the FAA, as BR-111 wishes, the arbitration award will still stand.  Under the FAA, the party seeking to vacate an arbitration award must show that the award falls into one of the statutory bases for vacatur.  9 U.S.C. §§ 9, 10.  BR-111 contends that the arbitration tribunal "refus[ed] to hear evidence pertinent and material to the controversy," and therefore the award must be vacated.  9 U.S.C. § 10.  However, the district court correctly found that the arbitration tribunal noted in the Final Award that both parties responded to the panel's post-hearing request.  Additionally, the arbitration tribunal found that none of Triângulo's submissions presented new evidence or arguments that required BR-111's response.  Thus, the arbitration tribunal did not refuse to hear evidence pertinent and material to the controversy.  BR-111 was given a full opportunity to present its case during a full hearing and in the post-hearing submissions.  We therefore affirm the district court's order granting Triângulo's Motion to Confirm and denying BR-111's Motion to Vacate.

**AFFIRMED.**

3